UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| SHAWN COOLEY, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 2:17-cv-00045-DBH |
| NANCY A. BERRYHILL, ACTING COMMISIONER, SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff Shawn Cooley's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits.

Plaintiff filed this action for judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff argues that Defendant's assessment of Plaintiff's mental residual functional capacity lacks evidentiary support in the record, and thus Defendant's determination that Plaintiff can engage in substantial gainful activity also is unsupported by the record.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## The Administrative Findings

The Commissioner's final decision is the July 6, 2015, decision of the Administrative Law Judge (ALJ). (ECF No. 9-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments, and that Plaintiff has the residual functional capacity (RFC) to perform light work, subject to a number of limitations. Additionally, the ALJ determined that Plaintiff has the mental residual functional capacity to understand, remember, and carry out simple tasks, provided the work is "object oriented" and involves "only occasional superficial work-related interactions." (ALJ Decision at 7, ¶ 5.)

In her assessment of Plaintiff's mental residual functional capacity, the ALJ relied on the opinion of Leigh Haskell, Ph.D., who reviewed the medical record for Disability Determination Services and issued a report dated February 20, 2014. (Exs. B6A, B7A.) Dr. Haskell determined that Plaintiff has a depressive disorder and an anxiety disorder that impact his work capacity, but found that he "can carry out at least simple tasks during a normal work schedule" and "can not consistently persist at complex work tasks." (Ex. B7A, R. 261.) According to Dr. Haskell, Plaintiff cannot interact with the public at work, "would do better with independent work," but "is able to interact adequately with supervisors and a small group of coworkers." (*Id.*, R. 262.) Dr. Haskell further found that Plaintiff "is able to adapt to simple routine changes and make basic decisions." (*Id.*)

---

[1] Because the Appeals Council found no reason to review that decision, the Acting Commissioner's final decision is the ALJ's decision.

In support of her assessment, Dr. Haskell cited the February 19, 2014, report of consultative examiner Roger Ginn, Ph.D. Dr. Ginn, who conducted a psychological evaluation of Plaintiff on February 18, 2014, stated that Plaintiff could "handle mild work-related stress and focus and concentrate," "if he did not have to deal with a lot of people." (Ex. B14F, R. 691 – 92, ECF No. 9-7.) Dr. Ginn also concluded that Plaintiff would not "have any difficulty understanding and carrying out job-related tasks." (*Id.*)

The ALJ gave "great weight" to Dr. Haskell's RFC assessment, concluding that it was "consistent with Dr. Ginn's report" and the longitudinal record. (ALJ Decision, R. 25.) The ALJ also evaluated the longitudinal medical record and Plaintiff's subjective complaints. The ALJ concluded that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not particularly credible. (*Id.*, R. 26-27.)

At the hearing, the vocational expert testified that a person with the ALJ's proposed RFC would be able to engage in substantial gainful activity as a cleaner/housekeeper, final inspector, buckle inspector, film touch-up inspector, dowel inspector, stone setter, and compact assembler. The vocational expert also testified that if the tasks were limited to "occasional superficial work related interactions," the jobs would still be available. (R. 182 – 83.)

**Standard of Review**

A court must affirm the administrative decision provided the ALJ applied the correct legal standards and provided the decision is supported by substantial evidence. This is so even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401

3

(1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues that the ALJ erred because she "simply ignored Dr. Haskell's finding that [Plaintiff] is unable to interact at all with the public and is further able to interact with only small groups of coworkers." (Statement of Errors at 3, ECF No. 11.) Plaintiff further contends that because the ALJ's RFC is not "traceable" to any medical evidence, such as expert opinion evidence, the ALJ's assessment necessarily constitutes an impermissible lay assessment of an issue that requires an expert opinion. (*Id.* at 8 – 10.) Plaintiff also maintains that the ALJ's finding regarding the representative jobs Plaintiff could perform is erroneous because the evidence, including the testimony of the vocational expert, does not permit the ALJ to assess the number of coworkers with whom Plaintiff would be required to interact.[2] (*Id.* at 11.) Plaintiff thus contends the ALJ's assessment fails to account for the limitations that preclude public contact and require small groups of coworkers or independent work. (Statement of Errors at 9.)

When making RFC findings, an ALJ may not substitute her judgment for that of medical or psychological experts when the finding involves more than making "common-sense judgments about functional capacity based on medical findings." *Gordils v. Sec'y of HHS*,

---

[2] According to Drs. Ginn and Haskell, Plaintiff cannot interact with the public, would do better with independent work, is able to interact adequately with supervisors and a small group of coworkers, and should not have to deal with a lot of people.

4

921 F.2d 327, 329 (1st Cir. 1990). In other words, an ALJ, as a medical layperson, lacks the qualifications required "to assess residual functional capacity based on a bare medical record." *Id.* When an ALJ makes an RFC finding that purports to place great weight on an expert's opinion, the ALJ ordinarily must discuss all of the expert's findings, including the findings that were not incorporated in the RFC assessment. *Parker v. Colvin*, No. 1:15-cv-446-JHR, 2016 WL 4994997, at *5 (D. Me. Sept. 19, 2016). *See also Dubriel v. Astrue*, No. Civ. 1:08-cv-406-JAW, 2009 WL 1938986, at *1 (July 6, 2009), *report and recommendation adopted*, 2009 WL 2242393 (D. Me. July 24, 2009) (finding error where all experts agreed that claimant could not work with the general public and ALJ found claimant capable of "occasional, incidental interaction with the public").

At step 5, Defendant has "the burden of coming forward with evidence of specific jobs in the national economy that he can perform." *Arocho v. Sec'y of HHS*, 670 F.2d 374, 375 (1st Cir. 1982). "[I]n order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities." *Id.*

Defendant argues that Dr. Haskell's opinion "substantially supports the ALJ's assessment of Plaintiff's limitations with respect to coworkers and supervisors," and that "any error in the ALJ's assessment of Plaintiff's ability to interact with the public was harmless because six of the seven jobs identified by the vocational expert do not involve any public contact." (Response at 2, ECF No. 15.) Defendant argues the case is similar to *Smith v. Colvin*, No. 2:14-cv-429-JHR, 2015 WL 4391420, at *3 (D. Me. July 15, 2015), in which the Court concluded that the ALJ did not err in assessing a limitation of "superficial interaction" with coworkers and supervisors, where the expert had opined that the claimant would "have

5

significant problems interacting with coworkers and probably more frequently with supervisors than would be tolerated [in] a lot of places."

Defendant found Plaintiff not disabled at step 5 of the evaluation process based on vocational expert testimony that a person with the RFC for object oriented work involving only occasional superficial work-related interaction would be able to perform the following occupations: cleaner/housekeeper (DOT # 323.687-014), final inspector (DOT # 727.687-054), buckle inspector (DOT # 734.687-026), film touch-up inspector (DOT # 726.684-050), dowel inspector (DOT # 669.687-014), stone setter (DOT # 735.687-034), and compact assembler (DOT # 739.687-066). Defendant argues that even if the ALJ erred, Plaintiff could perform all of the jobs identified by the vocational expert, except for the cleaner/housekeeper job.[3] Plaintiff contends a contrary conclusion is required because review of the Dictionary of Occupational Titles reveals that none of the identified jobs specifically includes the "temperament A" code, which is a temperament for working alone. (Statement of Errors at 11.)

This Court has held that a job definition that includes the designation "People: 8—Taking Instructions—Helping," and does not otherwise mention public interaction will support a step 5 determination for a claimant capable of handling "usual work situations not involving the public," provided that the job exists in significant numbers in the national economy. *Gleason v. Colvin*, No. 1:15-cv-00012-NT, 2015 WL 7013661, at *5 (Oct. 15, 2015), *report*

---

[3] The Dictionary of Occupational Titles description of the cleaner job notes that the job can include "render[ing] personal assistance to patrons," and on that basis Defendant agrees that the job would not support the ALJ's step 5 finding. (Response at 6 n.2.)

*and recommendation adopted*, 2015 WL 7012739 (D. Me. Nov. 12, 2015).[4] By logical analogy, a job with the "People: 8" designation that is not defined as involving interaction with a sizeable group of coworkers can similarly provide substantial evidence in support of the ALJ's step 5 finding.

Here, the inspector and assembler positions include the "People: 8" designation, and the jobs are not defined to involve public interaction.[5] Furthermore, the job definitions do not suggest the worker would be required to "interact" with a sizeable group of coworkers. Each of the jobs includes the designation "Talking: Not Present – Activity or condition does not exist." The vocational expert's testimony reinforces this understanding. The vocational expert testified that the jobs would not be precluded if the hypothetical worker could only endure "occasional superficial work related interactions." (R. 182 – 83.) Plaintiff's argument that he must work alone also directly contradicts the medical expert opinions of record.

Finally, the vocational expert testified that the assembler and inspector jobs exist in significant numbers in the economy, i.e., 30,000 assembler jobs and approximately 120,000 inspector jobs. (Tr. of Hr'g at 25, ECF No. 9-2, R. 182.) Accordingly, even if the ALJ erred by failing to provide the vocational expert with a hypothetical that precluded work with the public, and restricted interactions to small groups, the ALJ's error was harmless because

---

[4] *See* Dictionary of Occupational Titles (4th ed., Rev. 1991) ("Parts of the Occupational Definition"), 1991 WL 645965, *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTPARTS.HTM (last visiting Oct. 23, 2017).

[5] By way of comparison, in *Levesque v. SSA Comm'r*, No. 1:13-cv-128-GZS, 2014 WL 1664939, at *5 (D. Me. Apr. 25, 2014), the Court concluded that a reasonable person could not infer that the job of a "call out operator" could be performed by a claimant unable to interact with the public, absent testimony in support of that finding. Although the DOT codes were not discussed in *Levesque*, the fifth digit of the call out operator job is 6, corresponding with "speaking – signaling." The Court also found that the job of "parking lot attendant" would inevitably involve interaction with the public. In fact, the people rating provided in the DOT is 7, corresponding with "serving" the public.

Defendant's step 5 burden is satisfied by substantial evidence of jobs existing in substantial numbers that Plaintiff can perform without the need to interact with the public or groups of coworkers. The ALJ's decision, therefore, is supported by substantial evidence on the record.

## Conclusion

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of October, 2017.